# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| MISSION COAL WIND DOWN CO LLC, ) | Case No. 18-04177-TOM11 |
| *et al.*, ) | |
| ) | Chapter 11 |
| Debtors. ) | |
| ) | (Jointly Administered) |
| ) | |
| ) | |
| SEAN C. SOUTHARD, in his capacity as ) | |
| the Liquidating Trustee of the Mission ) | |
| Liquidating Trust, ) | |
| ) | Adv. Proc. No. _____ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PEGGY JANE MCCOY, PROJECT 14 ) | |
| GLOBAL MISSIONS, IRON LENDING, ) | |
| LLC, and KENNETH RAY MCCOY, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Sean C. Southard, in his capacity as the Liquidating Trustee (the "**Liquidating Trustee**" or "**Plaintiff**") of the Mission Liquidating Trust (the "**Trust**"), states the following as and in support of his complaint against Peggy Jane McCoy ("**Peggy McCoy**"), Project 14 Global Missions ("**Project 14**"), Iron Lending, LLC ("**Iron Lending**"), and Kenneth Ray McCoy ("**Ken McCoy**" and, together with Peggy McCoy, Project 14, and Iron Lending, the "**Defendants**"):

**Parties**

1. Mission Coal Wind Down Co, LLC, formerly known as Mission Coal Company, LLC, and certain of its affiliates, are debtors ("**Debtors**")[1] under Chapter 11.

2. Plaintiff Sean C. Southard is an individual serving in capacity as Liquidating Trustee of the Trust, with a principal place of business located at Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street 17th Floor, New York, NY 10036.

3. Plaintiff was appointed to serve as the Liquidating Trustee of the Trust in accordance with this Court's order dated April 15, 2019 [Docket No. 1324] confirming the *Fourth Amended Joint Chapter 11 Plan of Mission Coal Company, LLC and Certain of its Debtor Affiliates*.

4. Defendant Peggy McCoy is an individual with a principal place of residence located at 139 Cox Road, Jonesville, Virginia 24263. She is a citizen of Virginia.

5. Defendant Project 14 is a Tennessee non-profit religious corporation with its principal place of business located at 5810 Shelby Oaks Drive, STE B, Memphis, Tennessee 38134, Attn: Morgan Noble. It is a citizen of Tennessee.

6. Defendant Iron Lending is a North Carolina limited liability company with its principal place of business located at 7901 Strickland Road, Suite 108, Raleigh, NC 27615, Attn:

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Mission Coal Wind Down Co, LLC f/k/a Mission Coal Company, LLC (8465); Beard Pinn Wind Down Co, LLC f/k/a Beard Pinnacle, LLC (0637); OG Land Wind Down Co, LLC f/k/a Oak Grove Land Company, LLC (6068); OG Resources Wind Down Co, LLC f/k/a Oak Grove Resources, LLC (0300); Pinn Land Wind Down Co, LLC f/k/a Pinnacle Land Company, LLC (6070); Pinn MC Wind Down Co, LLC f/k/a Pinnacle Mining Company, LLC (7780); Sem AL MV Wind Down Co, LLC f/k/a Seminole Alabama Mining Complex, LLC (6631); Seneca Coal Resources Wind Down Co, LLC f/k/a Seminole Coal Resources, LLC (1795); Seminole WV MC Wind Down Co, LLC f/k/a Seminole West Virginia Mining Complex, LLC (7858); Sem Coal Resources Wind Down Co, LLC f/k/a Seneca Coal Resources, LLC (1816); and Sen NA Coal Wind Down Co, LLC f/k/a Seneca North American Coal, LLC (5102). The term "Reorganized Debtors" refers to each of the Debtors as reorganized pursuant to the Plan after the Plan Effective Date.

Jason McCoy. Its member and registered agent is Jason R. McCoy, who is the adult son of Ken McCoy and Peggy McCoy.

7. Defendant Ken McCoy is the spouse of Defendant Peggy McCoy and the president of Project 14 and was the spouse of Peggy McCoy and the president of Project 14 at all times relevant to the allegations described herein.

## Jurisdiction and Venue

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157 and 1334(b), as well as the terms of the Plan and Confirmation Order.

9. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L) and (O).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1409, in that suit has been commenced in the district where the Debtors' bankruptcy cases are pending.

## Factual Allegations

### I. Ken McCoy and Peggy McCoy Buy the Beach Condo

11. On or about March 14, 2018, **Ken McCoy and Peggy McCoy**, as husband and wife, purchased that certain real property located at 2485 S. Atlantic Avenue, Unit 501, Cocoa Beach, Florida 32931 (the "**Beach Condo**"). A true and correct copy of the Warranty Deed issued by the sellers to Ken McCoy and Peggy McCoy for the Beach Condo is attached hereto as **Exhibit "A."**

### II. Ken McCoy Enters Into a Settlement in Mission Coal's Bankruptcy

12. On October 14, 2018, the Debtors filed Chapter 11 cases in this Court. The bankruptcy cases were jointly administered and procedurally consolidated into Case No. 18-04177.

13. Ken McCoy is a former equity owner in the Debtors. Both the Debtors' independent directors as well as the Creditors' Committee conducted investigations regarding estate claims against Ken McCoy. These investigations culminated into a *Notice of Filing of Debtors' Proposed Independent Investigation Settlement and Amended Plan Summary* [Main Case Docket No. 1121] (the "**Investigation Settlement**") filed on March 27, 2019 wherein Ken McCoy agreed to enter into an assumption agreement (the "**Assumption Agreement**") to pay certain tax claims owed by the Debtors.

14. The terms of the Investigation Settlement were incorporated into the *Notice of Filing of Second Amended Joint Chapter 11 Plan of Mission Coal Company, LLC and Certain of its Debtor Affiliates* [Main Case Docket No. 1140] (the "**Second Amended Plan**") filed on March 30, 2019.

15. The taxing authorities objected to the Second Amended Plan. They contended that because Second Amended Plan proposed that Ken McCoy and Jason McCoy were going to pay certain tax claims owed by the Debtors, the plan violated Section 1129(a)(9)(c) of the Bankruptcy Code. In response, and as explained in the *Debtors' (I) Memorandum of Law in Support of the (A) Sale of Substantially all of the Debtors' Assets and (B) Confirmation of the Second Amended Joint Chapter 11 Plan of Mission Coal Company, LLC and Certain of its Debtor Affiliates, and (II) Response to Certain Objections Thereto* [Main Case Docket No. 1191] (the "**Plan Support Memorandum**"), the Debtors filed a *Notice of Filing of Amended Plan Supplement – Executed Investigation Settlement Term Sheet* [Main Case Docket No. 1190] (the "**Amended Investigation Settlement**") on April 2, 2019 wherein Ken McCoy and Jason McCoy agreed to issue a $6,000,000.00 note (the "**McCoy Note**") to the Debtors.

16. The McCoy Note was issued in lieu of the Assumption Agreement, but like with the Assumption Agreement the money to be paid per the McCoy Note was tied to the payment of certain tax claims owed by the Debtors. Further, it was agreed that the principal amount of the McCoy Note would be reduced by an amount to be calculated based upon the final amount of certain priority tax claims owed by the Debtors (the "**Note Reduction**").

17. The terms of the Amended Investigation Settlement were incorporated into the *Notice of Filing of Third Amended Joint Chapter 11 Plan of Mission Coal Company, LLC and Certain of its Debtor Affiliates* [Main Case Docket No. 1209] (the "**Third Amended Plan**") filed by the Debtors on April 2, 2019 and the *Notice of Filing of Fourth Amended Joint Chapter 11 Plan of Mission Coal Company, LLC and Certain of its Debtor Affiliates* [Main Case Docket No. 1310] (the "**Fourth Amended Plan**") filed by the Debtors on April 12, 2019.

18. The Court held hearings on April 3, 2019 through April 10, 2019 to consider confirmation of the Third Amended Plan and, ultimately, the Fourth Amended Plan. On April 15, 2019, the Court entered an *Order Confirming the Fourth Amended Joint Chapter 11 Plan of Mission Coal Company, LLC and Certain of its Debtor Affiliates* [Main Case Docket No. 1324] (the "**Confirmation Order**").

### III. Liquidating Trustee Files Adversary Proceeding Against Ken McCoy

19. As required by the Confirmed Plan, Ken McCoy executed the McCoy Note, dated April 29, 2019, to the Reorganized Debtors, who then assigned the McNote Note to the Liquidating Trustee pursuant to an assignment dated April 29, 2019.

20. The Liquidating Trustee and Ken McCoy subsequently got into a dispute regarding the amount of the Note Reduction applicable to the McCoy Note and, on December 4, 2019, the

Liquidating Trustee filed Adversary Proceeding No. 19-00090-TOM (the "**Adversary Proceeding**") in this Court against Ken McCoy.

### IV. Sale of the Beach Condo

21. During the pendency of the Adversary Proceeding, on or about January 25, 2021, **Ken McCoy and Peggy McCoy**, as husband and wife, sold the Beach Condo. A true and correct copy of the Warranty Deed issued by Ken McCoy and Peggy McCoy to the buyers of the Beach Condo is attached hereto as **Exhibit "B."**

### V. Transfer of Proceeds from Sale of Beach Condo to Peggy McCoy, Project 14, and Iron Lending

22. On or about January 25, 2021, **$918,328.64**, which amount represents all of the net proceeds from the sale of the Beach Condo, was wired into an account owned solely by **Peggy McCoy** at Bank of America (the "**Bank Account**"). A redacted copy of the Bank Account statement showing the incoming wire is attached hereto as **Exhibit "C-1."**

23. On or about January 29, 2021, Peggy McCoy transferred, caused to be transferred, or permitted to be transferred, **$15,000.00** from the Bank Account to Iron Lending. A redacted copy of the Bank Account statement showing the outgoing wire is attached hereto as **Exhibit "C-2."**

24. On or about February 1, 2021, Peggy McCoy transferred, caused to be transferred, or permitted to be transferred, **$25,000.00** from the Bank Account to Project 14. A redacted copy of the Bank Account statement showing the check image is attached hereto as **Exhibit "C-3."**

25. On or about February 5, 2021, Peggy McCoy transferred, caused to be transferred, or permitted to be transferred, **$200,000.00** from the Bank Account to Iron Lending. A redacted copy of the Bank Account statement showing the outgoing wire is attached hereto as **Exhibit "C-4."**

26. On or about February 18, 2021, Peggy McCoy transferred, caused to be transferred, or permitted to be transferred, **$20,000.00** from the Bank Account to Iron Lending. A redacted copy of the Bank Account statement showing the outgoing wire is attached hereto as **Exhibit "C-5."**

27. On or about February 23, 2021, Peggy McCoy transferred, caused to be transferred, or permitted to be transferred, **$40,000.00** from the Bank Account to Iron Lending. A redacted copy of the Bank Account statement showing the outgoing wire is attached hereto as **Exhibit "C-6."**

28. On or about March 1, 2021, Peggy McCoy transferred, caused to be transferred, or permitted to be transferred, **$20,000.00** from the Bank Account to Project 14. A redacted copy of the Bank Account statement showing the check image is attached hereto as **Exhibit "C-7."**

29. On or about March 4, 2021, Peggy McCoy transferred, caused to be transferred, or permitted to be transferred, **$7,500.00** from the Bank Account to Iron Lending. A redacted copy of the Bank Account statement showing the outgoing wire is attached hereto as **Exhibit "C-8."**

30. On or about March 18, 2021, Peggy McCoy transferred, caused to be transferred, or permitted to be transferred, **$30,000.00** from the Bank Account to Iron Lending. A redacted copy of the Bank Account statement showing the outgoing wire is attached hereto as **Exhibit "C-9."**

31. On or about April 1, 2021, Peggy McCoy transferred, caused to be transferred, or permitted to be transferred, **$18,000.00** from the Bank Account to Project 14. A redacted copy of the Bank Account statement showing the check image is attached hereto as **Exhibit "C-10."**

32. On or about May 7, 2021, Peggy McCoy transferred, caused to be transferred, or permitted to be transferred, **$5,000.00** from the Bank Account to Project 14. A redacted copy of the Bank Account statement showing the check image is attached hereto as **Exhibit "C-11."**

33. On or about June 4, 2021, Peggy McCoy transferred, caused to be transferred, or permitted to be transferred, **$7,500.00** from the Bank Account to Project 14. A redacted copy of the Bank Account statement showing the check image is attached hereto as **Exhibit "C-12."**

34. On or about July 6, 2021, Peggy McCoy transferred, caused to be transferred, or permitted to be transferred, **$10,000.00** from the Bank Account to Project 14. A redacted copy of the Bank Account statement showing the outgoing wire is attached hereto as **Exhibit "C-13."**

35. On or about July 15, 2021, Peggy McCoy transferred, caused to be transferred, or permitted to be transferred, **$2,075.00** from the Bank Account to Project 14. A redacted copy of the Bank Account statement showing the check image is attached hereto as **Exhibit "C-14."**

36. On or about July 30, 2021, Peggy McCoy transferred, caused to be transferred, or permitted to be transferred, **$250.00** from the Bank Account to Project 14. A redacted copy of the Bank Account statement showing the check image is attached hereto as **Exhibit "C-15."**

37. On or about August 2, 2021, Peggy McCoy transferred, caused to be transferred, or permitted to be transferred, **$12,500.00** from the Bank Account to Project 14. A redacted copy of the Bank Account statement showing the outgoing wire is attached hereto as **Exhibit "C-16."**

38. On or about August 10, 2021, Peggy McCoy transferred, caused to be transferred, or permitted to be transferred, **$13,500.00** from the Bank Account to Project 14. A redacted copy of the Bank Account statement showing the outgoing wire is attached hereto as **Exhibit "C-17."**

39. On or about September 7, 2021, Peggy McCoy transferred, caused to be transferred, or permitted to be transferred, **$14,258.00** from the Bank Account to Project 14. A redacted copy of the Bank Account statement showing the outgoing wire is attached hereto as **Exhibit "C-18."**

40. The above-described transfers of the proceeds from the sale of the Beach Condo to Peggy McCoy and then from Peggy McCoy to Project 14 and Iron Lending, are set out in the following charts:

**Transfer to Peggy McCoy**

| Date | Wire / Check (Exhibit No.) | Amount |
|---|---|---|
| January 25, 2021 | Wire (Exhibit C-1) | $918,328.64 |
| **Total** | N/A | **$918,328.64** |

**Transfers to Project 14**

| Date | Wire / Check (Exhibit No.) | Amount |
|---|---|---|
| February 1, 2021 | Check (Exhibit C-3) | $25,000.00 |
| March 1, 2021 | Check (Exhibit C-7) | $20,000.00 |
| April 1, 2021 | Check (Exhibit C-10) | $18,000.00 |
| May 7, 2021 | Check (Exhibit C-11) | $5,000.00 |
| June 4, 2021 | Check (Exhibit C-12) | $7,500.00 |
| June 6, 2021 | Wire (Exhibit C-13) | $10,000.00 |
| July 15, 2021 | Check (Exhibit C-14) | $2,075.00 |
| July 30, 2021 | Check (Exhibit C-15) | $250.00 |
| August 2, 2021 | Wire (Exhibit C-16) | $12,500.00 |
| August 10, 2021 | Wire (Exhibit C-17) | $13,500.00 |

| September 7, 2021 | Wire (Exhibit C-18) | $14,258.00 |
| Total | N/A | **$128,083.00** |

**Transfers to Iron Lending**

| Date | Wire / Check (Exhibit No.) | Amount |
| --- | --- | --- |
| January 29, 2021 | Wire (Exhibit C-2) | $15,000.00 |
| February 5, 2021 | Wire (Exhibit C-4) | $200,0000.00 |
| February 18, 2021 | Wire (Exhibit C-5) | $20,000.00 |
| February 23, 2021 | Wire (Exhibit C-6) | $40,000.00 |
| March 4, 2021 | Wire (Exhibit C-8) | $7,500.00 |
| March 18, 2021 | Wire (Exhibit C-9) | $30,000.00 |
| Total | N/A | **$312,500.00** |

## VI. Judgment Entered Against Ken McCoy in Adversary Proceeding

41. The Liquidating Trustee, without knowledge that the above-described transfers were occurring, continued litigating the Adversary Proceeding against Ken McCoy. Then, on August 2, 2021, after almost all of the above-described transfers had already been completed, the Court approved a compromise and settlement whereby a **$2.4 Million** consent judgment (the "**Judgment**") was entered in favor of the Liquidating Trustee and against Ken McCoy in the Adversary Proceeding.

### VII. Fraudulent Nature of the Transfer to Peggy McCoy

42. The Beach Condo was owned by Peggy McCoy and Ken McCoy but the entire **$918,328.64** in net proceeds from the sale of the Beach Condo was wired into the Bank Account owned solely by Peggy McCoy.

43. On or about the date when the **$918,328.64** in net proceeds from the sale of the Beach Condo was wired into the Bank Account owned solely by Peggy McCoy, Ken McCoy was actively litigating against the Liquidating Trustee in the Adversary Proceeding with regard to the amount Ken McCoy was required to pay the Liquidating Trustee pursuant to the McCoy Note.

44. On or about the date when the **$918,328.64** in net proceeds from the sale of the Beach Condo was wired into the Bank Account owned solely by Peggy McCoy, Ken McCoy had filed pleadings in the Adversary Proceeding indicating that, even by own calculations, he believed the debt he owed to the Liquidating Trustee pursuant to the McCoy Note was over **$2 Million**.

45. The Liquidating Trustee alleges that Peggy McCoy deposited, caused to be deposited, or conspired with Ken McCoy to deposit the **$918,328.64** in net proceeds from the sale of the Beach Condo into the Bank Account owned solely by Peggy McCoy with the actual intent to hinder, delay or defraud Ken McCoy's creditors, including the Liquidating Trustee, because by depositing the proceeds into the Bank Account owned solely by Peggy McCoy rather than a bank account in which Ken McCoy and Peggy McCoy owned a joint or shared interest, Ken McCoy and Peggy McCoy sought to protect the proceeds from being garnished or otherwise collected by Ken McCoy's creditors, including the Liquidating Trustee.

46. The Liquidating Trustee alleges that when the **$918,328.64** in net proceeds from the sale of the Beach Condo was deposited into the Bank Account owned solely by Peggy McCoy, Ken McCoy did not receive reasonably equivalent value from Peggy McCoy in return.

47. The Liquidating Trustee alleges that at the time when the **$918,328.64** in net proceeds from the sale of the Beach Condo was deposited into the Bank Account owned solely by Peggy McCoy, Ken McCoy and Peggy McCoy were married; therefore, Peggy McCoy is an insider of Ken McCoy for purposes of this proceeding.

48. The Liquidating Trustee alleges that at the time when the **$918,328.64** in net proceeds from the sale of the Beach Condo was deposited into the Bank Account owned solely by Peggy McCoy, Ken McCoy was insolvent because he (correctly) believed the debt he owed to the Liquidating Trustee pursuant to the McCoy Note was over **$2 Million**; because he owed multiple millions in debt to other creditors, including a **$7.8 Million** judgment debt to Thomas Clarke; and because the value of his assets available to be liquidated in order to pay these debts was less than the amount of the debts.

49. The Liquidating Trustee alleges that at the time when the **$918,328.64** in net proceeds from the sale of the Beach Condo was deposited into the Bank Account owned solely by Peggy McCoy, Ken McCoy was engaged in business for which his remaining assets were unreasonably small in relation to Ken McCoy's business because, as set out in more detail below, Ken McCoy testified in his postjudgment deposition in the Adversary Proceeding that he directed or caused Peggy McCoy to continue making substantial contributions to Project 14 using the net proceeds from the sale of the Beach Condo even after Ken McCoy became unable to pay his other debts.

50. The Liquidating Trustee alleges that at the time when the **$918,328.64** in net proceeds from the sale of the Beach Condo was deposited into the Bank Account owned solely by Peggy McCoy, Ken McCoy believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due because, as set out in more detail below, Ken McCoy

testified in his postjudgment deposition in the Adversary Proceeding that he directed or caused Peggy McCoy to continue making substantial contributions to Project 14 using the net proceeds from the sale of the Beach Condo even after Ken McCoy became unable to pay his other debts.

**VIII. Fraudulent Nature of the Transfers to Project 14 and Iron Lending**

51. Peggy McCoy is not a shareholder or Project 14; she is not a board member of Project 14; and she holds no other position of authority or governance with respect to Project 14, which is a Tennessee non-profit religious corporation. But her husband, Ken McCoy, is the president of Project 14.

52. Peggy McCoy is not a member of Iron Lending; she is not a manager of Iron Lending; she holds no other position of authority or governance with respect to Iron Lending; and she holds no monetary interest with respect to Iron Lending. But her adult son, Jason McCoy, is a member of Iron Lending.

53. During the time period from February 2021 through September 2021, as illustrated on the charts above, Peggy McCoy transferred an aggregate amount of not less than **$128,083.00** to Project 14 and an aggregate amount of not less than **$312,500.00** to Iron Lending.

54. The funds that Peggy McCoy transferred to Project 13 and Iron Lending came from the **$918,328.64** in net sales proceeds of the Beach Condo that was owned by Ken McCoy and Peggy McCoy.

55. During the time period when Peggy McCoy transferred not less than **$128,083.00** to Project 14 and not less than **$312,500.00** to Iron Lending, Ken McCoy was actively litigating against the Liquidating Trustee in the Adversary Proceeding with regard to the amount Ken McCoy was required to pay the Liquidating Trustee pursuant to the McCoy Note.

56. During the time period when Peggy McCoy transferred not less than **$128,083.00** to Project 14 and not less than **$312,500.00** to Iron Lending, Ken McCoy had filed pleadings in the Adversary Proceeding indicating that, even by own calculations, he believed the debt he owed to the Liquidating Trustee pursuant to the McCoy Note was over **$2 Million**.

57. The Liquidating Trustee alleges that Peggy McCoy caused and conspired with Ken McCoy to transfer from the **$918,328.64** in net proceeds of the sale of the Beach Condo not less than **$128,083.00** to Project 14 with the actual intent to hinder, delay or defraud Ken McCoy's creditors, including the Liquidating Trustee, because Ken McCoy testified in his postjudgment deposition in the Adversary Proceeding that he caused the funds to be transferred to his charity, Project 14, even though he knew that funding the transfers would cause him to be unable to pay his debts. When pressed about this decision, Ken McCoy testified "**I make choices**."

58. The Liquidating Trustee further alleges that Peggy McCoy caused and conspired with Ken McCoy to transfer from the **$918,328.64** in net proceeds of the sale of the Beach Condo not less than **$128,083.00** to Project 14 with the actual intent to hinder, delay or defraud Ken McCoy's creditors, including the Liquidating Trustee, because Project 14 is a charity with respect to which Ken McCoy's creditors do not have judgments, and by transferring the funds to Project 14, Ken McCoy and Peggy McCoy sought to protect the proceeds from being garnished or otherwise collected by Ken McCoy's creditors, including the Liquidating Trustee.

59. The Liquidating Trustee alleges that Peggy McCoy caused and conspired with Ken McCoy to transfer from the **$918,328.64** in net proceeds of the sale of the Beach Condo not less than **$312,500.00** to Iron Lending with the actual intent to hinder, delay or defraud Ken McCoy's creditors, including the Liquidating Trustee, because the McCoys' adult son, Jason McCoy, owns a membership interest in Iron Lending; because Iron Lending is a limited liability company with

respect to which Ken McCoy's creditors do not have judgments; and because by transferring the funds to Iron Lending, Ken McCoy and Peggy McCoy sought to protect the proceeds from being garnished or otherwise collected by Ken McCoy's creditors, including the Liquidating Trustee, by effectively placing the funds with a third party controlled by their adult son and from which Ken McCoy's creditors would be unable to collect Ken McCoy's debts.

60. The Liquidating Trustee alleges that when Peggy McCoy caused and conspired with Ken McCoy to transfer from the **$918,328.64** in net proceeds of the sale of the Beach Condo not less than **$128,083.00** to Project 14, Project 14 did not take the funds in good faith because Project 14's president, Ken McCoy, knew that the money was from the net proceeds of the sale of the Beach Condo; and because Ken McCoy further understood that he was conspiring with Peggy McCoy to make the transfers even though Ken McCoy was unable to pay his debts.

61. The Liquidating Trustee alleges that when Peggy McCoy caused and conspired with Ken McCoy to transfer from the **$918,328.64** in net proceeds of the sale of the Beach Condo not less than **$312,500.00** to Iron Lending, Iron Lending did not take the funds in good faith because Iron Lending's member, Jason McCoy, knew that the money was from the net proceeds of the sale of the Beach Condo; and because Jason McCoy further understood that he was conspiring with Peggy McCoy and Ken McCoy to make the transfers even though Ken McCoy was unable to pay his debts.

## COUNT I
## ACTUAL FRAUDULENT TRANSFER UNDER VA. CODE § 55.1-400[2]
## AGAINST DEFENDANT PEGGY MCCOY[3]

62. The Plaintiff realleges and reavers the allegations above as if fully set out herein.

WHEREFORE, the Plaintiff, Sean C. Southard, in his capacity as the liquidating trustee of the Mission Liquidating Trust, demands judgment against the Defendant, Peggy McCoy, finding that the transfer of the net sales proceeds from the sale of the Beach Condo, which was owned by Ken McCoy and Peggy McCoy, into an account owned solely by Peggy McCoy, was a fraudulent transfer under Va. Code § 55.1-400 and that the Plaintiff is entitled to relief declaring and decreeing that the transfer be set aside and awarding such other and further relief as permitted by law against the Defendant.

## COUNT II
## ACTUAL FRAUDULENT TRANSFERS UNDER VA. CODE § 55.1-400
## AGAINST DEFENDANT PROJECT 14

63. The Plaintiff realleges and reavers the allegations above as if fully set out herein.

WHEREFORE, the Plaintiff, Sean C. Southard, in his capacity as the liquidating trustee of the Mission Liquidating Trust, demands judgment against the Defendant, Project 14, finding that

---

[2] With respect to transfers occurring after January 1, 2019, the Alabama Uniform Voidable Transactions Act (the "**Voidable Transactions Act**") replaced the Alabama Uniform Fraudulent Transfer Act (the "**Fraudulent Transfer Act**"). *See* Ala. Code 8-9B-16. The transfers alleged here occurred on or around January 25, 2021 (after the Voidable Transactions Act became applicable), which is when the Beach Condo was sold and the proceeds transferred to Peggy McCoy's Bank Account; therefore, the Voidable Transactions Act, and not the Fraudulent Transfer Act, applies to fraudulent transfer causes of action asserted in this Complaint. Among other changes, the Voidable Transactions Act, unlike the Fraudulent Transfer Act, contains a choice of law section titled "Governing law," which provides that "[a] claim for relief in the nature of a claim for relief under this chapter is governed by the local law of the jurisdiction in which the debtor is located when the transfer is made." *See* Ala. Code § 8-9B-11(b). The debtor referenced in the choice of law section is not the debtor in the underlying bankruptcy case here but is instead the Defendant, Ken McCoy. *See* Ala. Code § 8-9B-2(6). Ken McCoy was residing in (i.e. "located") in Virginia at all times relevant to fraudulent transfer claims asserted in this Complaint; therefore, Virginia law applies to those claims. *See also* N. CHRIS GLENOS, CATHLEEN C. MOORE, *What's in a Name (Besides Centuries of Confusion)?*, https://www.bradley.com/insights/publications/2019/07/whats-in-a-name-besides-centuries-of-confusion.

[3] The causes of action set out in this complaint are not being brought pursuant to the Plaintiff's avoidance powers under Chapter 5 of the Bankruptcy Code.

Peggy McCoy's transfers of certain of the net sales proceeds from the sale of the Beach Condo, which was owned by Ken McCoy and Peggy McCoy, into an account owned solely by Peggy McCoy, was a fraudulent transfer under Va. Code § 55.1-400; that Peggy McCoy's subsequent transfers of certain proceeds from the Bank Account to Project 14 were fraudulent transfers under Va. Code § 55.1-400; and that the Plaintiff is entitled to relief declaring and decreeing that the transfer be set aside and awarding such other and further relief as permitted by law against the Defendant.

### COUNT III
### ACTUAL FRAUDULENT TRANSFERS UNDER VA. CODE § 55.1-400
### AGAINST DEFENDANT IRON LENDING

64. The Plaintiff realleges and reavers the allegations above as if fully set out herein.

WHEREFORE, the Plaintiff, Sean C. Southard, in his capacity as the liquidating trustee of the Mission Liquidating Trust, demands judgment against the Defendant, Iron Lending, finding that Peggy McCoy's transfers of certain of the net sales proceeds from the sale of the Beach Condo, which was owned by Ken McCoy and Peggy McCoy, into an account owned solely by Peggy McCoy, was a fraudulent transfer under Va. Code § 55.1-400; that Peggy McCoy's subsequent transfers of certain proceeds from the Bank Account to Iron Lending were fraudulent transfers under Va. Code § 55.1-400; and that the Plaintiff is entitled to relief declaring and decreeing that the transfer be set aside and awarding such other and further relief as permitted by law against the Defendant.

### COUNT IV
### CONSTRUCTIVE FRAUDULENT TRANSFER UNDER VA. CODE § 55.1-401
### AGAINST DEFENDANT PEGGY MCCOY

65. The Plaintiff realleges and reavers the allegations above as if fully set out herein.

WHEREFORE, the Plaintiff, Sean C. Southard, in his capacity as the liquidating trustee of the Mission Liquidating Trust, demands judgment against the Defendant, Peggy McCoy, finding that the transfer of the net sales proceeds from the sale of the Beach Condo, which was owned by Ken McCoy and Peggy McCoy, into an account owned solely by Peggy McCoy, was a fraudulent transfer under Va. Code § 55.1-401 and that the Plaintiff is entitled to relief declaring and decreeing that the transfer be set aside and awarding such other and further relief as permitted by law against the Defendant.

## COUNT V
### CONSTRUCTIVE FRAUDULENT TRANSFER UNDER VA. CODE § 55.1-401 AGAINST DEFENDANT PROJECT 14

66. The Plaintiff realleges and reavers the allegations above as if fully set out herein.

WHEREFORE, the Plaintiff, Sean C. Southard, in his capacity as the liquidating trustee of the Mission Liquidating Trust, demands judgment against the Defendant, Peggy McCoy, finding that Peggy McCoy's transfers of certain of the net sales proceeds from the sale of the Beach Condo, which was owned by Ken McCoy and Peggy McCoy, into an account owned solely by Peggy McCoy, was a fraudulent transfer under Va. Code § 55.1-401; that Peggy McCoy's subsequent transfers of certain proceeds from the Bank Account to Project 14 were fraudulent transfers under Va. Code § 55.1-401; and that the Plaintiff is entitled to relief declaring and decreeing that the transfer be set aside and awarding such other and further relief as permitted by law against the Defendant.

## COUNT VI
### CONSTRUCTIVE FRAUDULENT TRANSFER UNDER VA. CODE § 55.1-401 AGAINST DEFENDANT IRON LENDING

67. The Plaintiff realleges and reavers the allegations above as if fully set out herein.

WHEREFORE, the Plaintiff, Sean C. Southard, in his capacity as the liquidating trustee of the Mission Liquidating Trust, demands judgment against the Defendant, Iron Lending, finding that Peggy McCoy's transfers of certain of the net sales proceeds from the sale of the Beach Condo, which was owned by Ken McCoy and Peggy McCoy, into an account owned solely by Peggy McCoy, was a fraudulent transfer under Va. Code § 55.1-401; that Peggy McCoy's subsequent transfers of certain proceeds from the Bank Account to Iron Lending were fraudulent transfers under Va. Code § 55.1-401; and that the Plaintiff is entitled to relief declaring and decreeing that the transfer be set aside and awarding such other and further relief as permitted by law against the Defendant.

## COUNT VII
## STATUTORY CIVIL CONSPIRACY UNDER VA. CODE §§ 18.2-499 AND 500
## AGAINST ALL DEFENDANTS

68. The Plaintiff realleges and reavers the allegations above as if fully set out herein.

WHEREFORE, the Plaintiff, Sean C. Southard, in his capacity as the liquidating trustee of the Mission Liquidating Trust, demands judgment against the Defendants, Peggy McCoy, Project 14, Iron Lending, and Ken McCoy, for such damages as permitted under Va. Code §§ 18.2-499 and 500 for statutory civil conspiracy.

## COUNT VIII
## COMMON LAW CIVIL CONSPIRACY
## AGAINST ALL DEFENDANTS

69. The Plaintiff realleges and reavers the allegations above as if fully set out herein.

WHEREFORE, the Plaintiff, Sean C. Southard, in his capacity as the liquidating trustee of the Mission Liquidating Trust, demands judgment against the Defendants, Peggy McCoy, Project 14, Iron Lending, and Ken McCoy, for such damages as permitted by law for common law civil conspiracy.

Dated: July 19, 2022

/s/ Bradley R. Hightower
Daniel D. Sparks
Bradley R. Hightower
Attorneys for Sean C. Southard, in his capacity as the Liquidating Trustee of the Mission Liquidating Trust

**OF COUNSEL**

Christian & Small, LLP
1800 Financial Center
505 20th Street North
Birmingham, Alabama 35203
dds@csattorneys.com
brh@csattorneys.com
Phone: (205) 795-6588
Fax: (205) 328-7234

**The Defendants Shall be Served by First Class Mail at the Following Addresses:**

Peggy McCoy
139 Cox Road
Jonesville, Virginia 24263

Ken McCoy
139 Cox Road
Jonesville, Virginia 24263

Project 14 Global Missions
5810 Shelby Oaks Drive
STE B
Memphis, Tennessee 38134
Attn: Morgan Noble

Iron Lending, LLC
7901 Strickland Road
Suite 108
Raleigh, NC 27615
Attn: Jason McCoy